IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDMOND L. BOBB, <br> on behalf of himself and all <br> others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> R & L CARRIERS SHARED <br> SERVICES, LLC, <br><br> Defendant. | ) <br> ) CIVIL ACTION FILE NO. <br> ) <br> ) <br> ) COLLECTIVE ACTION <br> ) <br> ) <br> ) For Violations of the Fair Labor <br> ) Standards Act of 1938, As Amended <br> ) <br> ) JURY TRIAL DEMANDED <br> ) |

## COMPLAINT

COMES NOW the Plaintiff, Edmond Bobb ("Bobb"), by and through his undersigned counsel, and files this Complaint on behalf of himself and all others similarly situated against the Defendant R & L Carriers Shared Services, LLC ("R & L") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the minimum wage and overtime provisions of the Act by Defendant which has deprived the named Plaintiff, as well as others similarly situated to the Plaintiff, of their lawful wages.

2. Other current and former employees of Defendant are also entitled to receive overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid overtime compensation owed to the Plaintiff and all current and former employees of Defendant who are similarly situated to the Plaintiff, pursuant to the FLSA. The Plaintiffs and the collective group similarly situated are or have been employed by Defendant, working as forklift operators at R & L.

4. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendant has committed violations of the FLSA by failing to compensate their forklift operators at an overtime rate for hours worked in excess of 40 hours in any given workweek.

5. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation for work performed, an equal amount of liquidated damages to compensate them for the delay in payment

of money due which Defendant instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant maintains a place of business within this District.

## III. PARTIES

8. Plaintiff Edmond Bobb resides in Jonesboro, Georgia (within this District) and is a citizen of the United States. Bobb was employed by the Defendant as a forklift operator. He regularly worked for Defendant within this District.

9. At all times material to this action, the named Plaintiff and all members of the collective action are and/or were "employees" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by § 206 and § 207 of the FLSA for the period

in which they were employed by Defendants. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

10. Defendant R & L Carriers Shared Services, LLC is a corporation based in Wilmington, Ohio which conducts business within this State and District and maintains its principal place of business at 600 Gillam Road, Wilmington, Ohio, 45177. R & L owns and operates a business specializing in freight shipping.

11. R & L is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, CT Corporation System, 289 S Culver Street, Lawrenceville, GA 30046-4805.

12. Defendant maintains either actual or constructive control, oversight and direction over the operation of its employees, including the pay practices relating to, and hours worked by, those employees.

13. At all times material to this action, Defendant R &L was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. R & L specializes in providing international and interstate freight services. R&L conducts business with entities located outside the State of Georgia. R & L utilizes tools manufactured outside the state of Georgia for the benefit of R & L's clients. R & L utilizes technology, such as computers and telephones, which

were manufactured outside the state of Georgia. R & L's principal office is located outside of the state of Georgia, such as computers and telephones. At all times material to this action, R & L has had an annual gross volume of business which exceeded $500,000.00.

14. At all times material to this action, Defendants were "employers" of the named Plaintiff and/or others similarly situated, as defined by § 203(d) of the FLSA.

15. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV.  CLAIMS

### a. VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA

16. Defendant employed Plaintiff other similarly situated employees as forklift operators.  Specifically, Plaintiff was employed by Defendant as a "loader" from August 28 of 2017 until approximately ____ of 2019.  As a "loader," Plaintiff was responsible for loading freight into trucks.  After ___ of 2019, Plaintiff was a "breaker"- someone who would unload the trucks.  In his role as a "breaker," Plaintiff was not engaged in activities which would affect the safety of operation of motor vehicles in transportation on public highways in interstate or foreign commerce.

17. Plaintiff typically worked as a breaker between 60-68 hours per week during the time period applicable to this action.  Plaintiff received straight-time pay,

but no overtime pay, for the 24 hours of overtime he worked, on average, during the following weeks within the applicable statute of limitations: 6/24/19, 7/1/19, 7/8/19, 7/15/19, 7/22/19, 7/29/19, 8/5/19, 8/12/19, 8/19/19, 8/26/19, 9/2/19, 9/9/19, 9/16/19, 9/23/19, 9/30/19, 10/7/19, 10/14/19, 10/21/19, 10/28/19, 11/4/19, 11/11/19, 11/18/19, 11/25/19, 12/2/19, 12/9/19, 12/16/19, 12/23/19, 12/30/19, 1/6/20, 1/13/20, 1/20/20, 1/27/20, 2/3/20, 2/10/20, 2/17/20, 2/24/20, 3/2/20, 3/9/20, 3/16/20, 3/23/20, 3/30/20, 4/6/20, 4/13/20, 4/20/20, 4/27/20, 5/4/20, 5/11/20, 5/18/20, 5/25/20, 6/1/20, 6/8/20, 6/15/20, 6/22/20, 6/29/20, 7/6/20, 7/16/20, 7/27/20, 8/6/20, 8/10/20, 8/17/20, 8/24/20, 8/31/20, 9/7/20, 9/14/20, 9/21/20, 9/28/20, 10/5/20, 10/12/20, 10/19/20, 10/26/20, 11/2/20, 11/9/20, 11/16/20, 11/23/20, 11/30/20, 12/7/20, 12/14/20, 12/21/20, 12/28/20, 1/4/21, 1/11/21, 1/18/21, 1/25/21, 2/1/21, 2/8/21, 2/15/21, 2/22/21, 3/1/21, 3/8/21, 3/15/21, 3/22/21, 3/29/21, 4/5/21, 4/12/21, 4/19/21, 4/26/21, 5/3/21, 5/10/21, 5/17/21, 5/24/21, 5/31/21, 6/7/21, 6/14/21, 6/21/21, 6/28/21, 7/5/21, 7/12/21, 7/19/21, 7/26/21, 8/2/21, 8/9/21, 8/16/21, 8/23/21, 8/30/21, 8/6/21, 8/13/21, 8/20/21, 8/27/21, 8/4/21, 8/11/21, 8/18/21, 8/25/21, 11/1/21, 11/8/21, 11/15/21, 11/22/21, 11/29/21, 12/6/21, 12/13/21, 12/13/21, 12/21/21, 1/3/22, 1/10/22, 1/17/22, 1/24/22, 1/31/22, 1/7/22, 2/14/22, 2/21/22, 2/28/22, 3/7/22, 3/7/22, 3/14/22, 3/21/22, 3/28/22, 4/4/22, 4/11/22, 4/18/22, 4/25/22, and 5/2/22.

18. Plaintiff seeks unpaid overtime compensation for 24 hours per week at his normal hourly rate of $24.00 per hour. Specifically, Plaintiff seeks forty-three thousand two hundred dollars and zero cents ($43,200.00) (24 [hours] X $24.00 [per hour] X .5 [unpaid overtime rate] X 150 [weeks]) in unpaid overtime compensation. Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid overtime wages of eighty-six thousand four hundred sixty dollars and zero cents ($86,400.00), plus attorney's fees and costs.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That, at the earliest possible time, he be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendants as a "breaker" forklift operator for any entity own, run, or managed by Defendants' operations within the United States. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were

not paid by Defendants for all hours worked in excess of 40 hours in a workweek at any time during the preceding three years. Plaintiff will file a motion for conditional certification within the time provided in the Local Rules;

B. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of regular and overtime compensation due which the Defendant unlawfully used instead as personal capital or working capital of the business;

C. That Plaintiff be awarded prejudgment interest;

D. That Plaintiff be awarded reasonable attorneys' fees;

E. That Plaintiff be awarded the costs and expenses of this action; and

F. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 27th day of June, 2022.

>*/s/ Tyler B. Kaspers*
>Tyler B. Kaspers, Ga. Bar No. 445708
>THE KASPERS FIRM, LLC
>152 New Street, Suite 109B
>Macon, GA  31201
>404-944-3128
>tyler@kaspersfirm.com

Case 1:22-cv-02558-MLB   Document 1   Filed 06/27/22   Page 9 of 9

Counsel for Plaintiff

9